# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TRAVELERS INDEMNITY CO., ET AL.,
      Plaintiffs,

      v.

LONGVIEW FIBRE CO.,
      Defendant.

CIVIL ACTION NO.
3:06cv1689 (SRU)

## RULING and ORDER

On January 19, 2007, Longview Fibre Co. ("Longview") filed a motion to dismiss, or in the alternative, a motion to transfer this action to the Western District of Washington.  On May 24, 2007, I held oral argument on the two motions.  In an oral ruling on the same day, I denied the motion to dismiss, but granted the motion to transfer.  *See* doc. #39.  On June 8, 2007, Travelers Indemnity Co. ("Travelers") filed a motion for reconsideration of my decision granting the motion to transfer.  For the reasons that follow, that motion is denied.

In general, there are three grounds that may justify reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice.  *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*,  956 F.2d 1245, 1255 (2d Cir. 1992).  The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez v. Smiley*,  375 F. Supp. 2d 19, 21-22 (D. Conn. 2005).   It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided. *Id.*  A motion to reconsider should be denied, "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Id.*

Travelers argues that I should reconsider my ruling granting Longview's motion to transfer for three reasons: (1) I overlooked evidence that establishes that key Travelers' witnesses are located solely in Connecticut; (2) there is no evidence that Longview's third-party witnesses are unwilling to attend trial in Connecticut; and (3) because Longview was recently acquired by a multi-national company with holdings on the East Coast, it would not be difficult or unfair for Longview to defend suit in Connecticut. *See* Travelers' Memorandum in Support of its Motion for Reconsideration at 1.

With respect to Travelers' witnesses located in Connecticut and Longview's third-party witnesses, I already considered those facts. I decided, however, that in balancing the relevant factors at issue in a motion to transfer, the balance weighed in favor of transfer. I acknowledged that the calculations and analyses with respect to billing were done in Travelers' Hartford office. My point at oral argument was that, unlike many fact witnesses, a fact witness offered to testify about a calculation is not a unique witness; another employee from Washington could duplicate the calculations and testify about them at trial. In addition, I concluded that Travelers' witnesses could travel to Washington more easily than Longview's witnesses could travel to Connecticut. Although only two of Longview's witnesses are located in Washington, three others are located in the region surrounding Washington. In addition, at least two of Longview's witnesses are extremely elderly. Travelers is, in effect, re-litigating the issues that I already decided at oral argument. Travelers is not arguing that I relied upon the wrong legal principles, but rather argues that I applied the facts to the law incorrectly. That is not an appropriate argument for a motion for reconsideration.

In addition, the fact that Longview was recently acquired by a company with holdings on the East Coast does not significantly affect my balancing of the equities. I made it clear that my decision to transfer was not based on a comparison of the respective size or means of the parties. Despite the recent acquisition of Longview, Longview has still made a clear showing that the interests of justice favor transfer to the Western District of Washington.

Therefore, Travelers' Motion for Reconsideration (**doc. # 41**) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of June 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge